### JOHN A. HALL v. IDA GEYER.

1. ADMISSION OF ORAL STATEMENTS OF AN ALLEGED DONOR TO PROVE A GIFT OF REAL ESTATE.

> Oral statements or declarations of an alleged donor are not competent, as against innocent third persons, to prove a gift of real estate, or of an appurtenance to real estate; nor are such declarations admissible in evidence, where they have a tendency to discredit the title to real estate theretofore conveyed, in due form, by such alleged donor.

2. PAROL AGREEMENT FOR THE ERECTION OF A PARTY WALL.

> W, intending to erect a three story, brick building on his lot, entered into a parol agreement with H, the owner of the adjoining lot, for construction of a party wall, upon the terms and conditions: That the wall was to be located and constructed, one-half on each side of the division line between said lots; was to be completed and the entire cost of construction borne by W, and H, was not to be liable for any portion of such cost, until he used it in the construction of an adjoining building on his lot, when he was to become liable for the payment of one-half such cost. The wall was completed by W, in 1874 in accordance with the stipulations of said agreement, and in 1894, H, made use of the wall in the constuction of a building on his adjoining lot: *Held*,

3. There was such performance of the agreement as relieved it from the operation of the statute of frauds.

4. The stipulations and conditions of the agreement, all together, constituted an entire contract, and the burden of showing that one provision thereof became severed, so as to become independent and personal, rested on the party asserting such claim.

5. The wall was and is real estate; so the contract had reference to and was for and concerning an interest in real estate, and its covenants were of such character and import as to run with the land.

6. Upon the completion of the wall, the stipulation for Hall to become liable for one-half the cost of it, when used for the purpose of a building on the adjoining lot, unless severed from its context and made independent, became an appurtenance of the said real estate and passed to the assignee thereof.

ERROR to the Court of Common Pleas of Seneca county.

DAY, J.

The action in the lower court, was by Ida Geyer against John A. Hall, and was to recover one half the cost of building a party wall, erected on the division line of lots 104 and 105 in the city of Tiffin. Geyer asserted a right of recovery by reason of her ownership of lot 105 and the building thereon, including the wall in question, the right and title of which she acquired directly, by proper conveyances from different persons in line from Lewis Wisler, who was the owner of lot 105, and constructed the building thereon, in 1874-5. She asserts in her petition that before the construction of the building and wall in question, Wisler first obtained an easement or right to construct the party wall from John A. Hall, who was then and now the owner of lot 104, with the understanding and agreement that Hall was not to incur any present liability on account of the wall or until he used the same for purposes of an adjoining building; at which time and not before, he was to pay one-half the expense of constructing it. She shows that in 1894 Hall did make use of the wall for his adjoining building as a party wall, and that he refuses to pay for the same although requested to do so.

Hall's answer is first, in effect, a general denial of plaintiff's claim; denial of the alleged agreement between Wisler and himself, by which he agreed to pay one-half the cost of the wall to the owner of the building, and a denial of all liability in the premises. Pleading further, Hall asserts that Lewis Wisler, the owner of lot 105, and the builder of the wall, while such owner released and discharged him of all liability on account of the said wall. There is another defense set up, that of *res adjudicata*, i. e., that the identical question made in this case was litigated in a former case and determined upon a hearing on the merits, by a court having jurisdiction of the subject matter, so it cannot with propriety be further litigated. A reply denies a release and discharge of Hall from liability, by Wisler, and denies former adjudication.

The issues thus joined were tried to the court, the parties waiving a jury, resulting in a finding and judgment in favor of Mrs. Geyer for $492.20, after the overruling of a motion for new trial. Hall excepted to all this, secured a proper bill of exceptions containing all the evidence had on the trial, and showing the ruling of the court on the admission of evidence, filed it in this court, with a petition in error, and seeks a reversal of the judgment and a new trial of the case, because of errors, said to be apparent, on the face of the record.

It is said in the petition in error that the court of common pleas erred:

1. In admitting and in rejecting evidence on the trial, to which exception was taken and noted at the time.

2. That the finding and judgment is not supported by sufficient evidence, and is contrary to law.

The assignments of error in the petition are nine, as numbered in the petition in error, but they are all properly included and grouped in the two I have stated, viz.: Errors in the matter of ruling as to the admissibility of evidence, and that the finding is not supported by sufficient evidence.

1. As to the errors claimed in the ruling on the admissibility of evidence: Dr. H. C. Wells was offered as a witness in behalf of defendant and asked the question, in substance, " What, if anything did Lewis Wisler tell you, in 1880, as to any amount due him from Hall for this party wall?" On objection by counsel for plaintiff, the court ruled the witness should not answer the question. It was said, " if the witness was allowed to testify, he would testify that in 1880, Lewis Wisler told him, that he had donated one-half of the wall of the building to John A. Hall." There was no error in this. The answer was properly ruled out on, at least, two grounds: 1. It was not competent to show the oral declarations of Wisler discrediting in some degree, the title of property which he, before that time, had owned, and under general covenants of warranty, conveyed away. 2. It was not competent to show a donation of real estate, which this wall is, by the oral declarations of the alleged donor; especially where the alleged donor had before that time, by a proper deed, solemnly executed, conveyed the same real estate to another person.

Again John A. Hall was produced as a witness in his own behalf, and asked the question: " State if Harry Wisler was present at any time when you and his father, Lewis Wisler, made any arrangement or agreement respecting this party wall?" The question was objected to and the answer excluded, to which ruling an exception was noted. It was stated that Mr. Hall, if permitted, would testify " that he had but one conversation with Lewis Wisler, as to the building of this party wall; that Harry Wisler was not present at that one; and that witness would state the whole contract and agreement between Lewis Wisler and himself; that the agreement was, that Hall was not to pay anything for the stone part of the wall, at any time; that all Hall was to pay, was to be paid to Lewis Wisler, and was to be: One-half the cost of the brick part of the wall, and only of so much of said brick part as Hall might thereafter use, to be paid for when used." The question itself was a very innocent one and very likely proper; yet the information likely to be elicited by it, could not be important, as bearing on any of the issues in the case, and therefore its exclusion could not be prejudicial. It would seem, from the statement of counsel, as to what the answer would be, that counsel was expecting under cover of a very innocent question, to prove a great deal more than the law of evidence would allow, and very much of which testimony the statute expressly incapacitates Mr. Hall to give. Hall was a party, and plaintiff was claiming as an assignee of a deceased person, and section 5242 Revised Statutes, precludes him from testifying at all, unless he first brings himself within some one of the exceptions stated in that section, which was not done or attempted. In view of the fact that the information called for by the question was not important, had been given by the witness before that, and its exclusion non-prejudicial to plaintiff in error, we cannot find or say the lower court was in error. Hall was further asked, see page 15 of the bill of exceptions,

whether Mr. Lewis Wisler at any time released him from the obligation to pay for one-half of the wall. This was also properly excluded. Section 5242, as we have seen, made him incompetent. Death had closed the mouth of Lewis Wisler, and the law put a seal on that of Hall.

2. Was the finding and judgment not supported by sufficient evidence, and therefore contrary to law? is the remaining question.

Most of the material facts are agreed upon by the parties, and stated in the bill of exceptions. These facts are, in substance: That Mrs. Geyer owns the lot 105 with the appurtenances, that it came to her by proper conveyances from Lewis Wisler, now deceased; that Hall, then and now, owned lot 104; in 1874 Lewis Wisler built on lot 105 a three story brick building, now, and for years, used as a hotel; the south wall of said building stands one-half on and along the south line of lot 105, and one-half on the north line of lot 104. One-half the value of the wall is $592.20. It is testified by Henry Wisler, a son of Lewis, that before the building was undertaken by his father, there was a conference and transaction between the father and Hall, with reference to the building of a party wall; that Hall assented to the placing of the wall, one-half of it, on the lot line of lot 104; gave permission to occupy sufficient space on his lot 104, for that purpose, but stipulated that Wisler was to be at the entire expense of building the wall, and that he, Hall, was not to be liable for any portion of such expense and was not to pay any part of it, until such time as he desired to use the said wall for his own building; when he was to pay one-half of the original cost of it. It is undisputed that Hall, in 1894, erected a building on lot 104 and used the said wall as one of the walls of said building, and he has paid nothing for the wall to any person. The testimony of Henry M. Wisler is not controverted, otherwise than by Hall, who says Henry M. was not present when the contract was made. These facts, admitted, and proven by the weight of evidence, abundantly show a contract concerning real estate—a party wall—in which some title or right in the nature of an easement, was acquired in Hall's lot 104, upon which to rest one-half of a division wall, and for lateral support, so long as the wall should endure; and Hall acquired a title or right in the entire wall, upon certain stipulated conditions, to use the wall for his own proper purposes. The contract, it is true, in the beginning rested only in parol; but there was a good consideration passing, and it was subsequently so far executed as to relieve it from the imputation of the statute of frauds and perjuries; so that as a matter of law, it constituted a valid enforceable contract for title and interest in real estate—a contract having reference to land and concerning title and rights in land, and of such nature and import, as readily indicates its character and fixes its place in the classification of contracts, as one of those which, in legal parlance and in consonance with the great weight of the decisions on the subject, are denominated " Contracts or covenants running with the land." The portion of the agreement on the part of Hall, in which it is stipulated he was to be free of liability for any part of the cost of constructing the wall, until he used it, at which time he was to pay his portion of the expense of constructing it, was part of the contract, one of the stipulations of it, and the other stipulations and conditions, all together, constituted an entire contract or covenant, all of which would have reference to an interest in and would follow the land; unless there was something in the contract itself which would separate that part of the contract from its context and make it independent and personal between the contracting parties; or, unless the

contracting parties subsequently, and before Wisler parted with his title, by contract duly made, and based upon a good consideration, released Hall from the obligation to pay. Both of these claims are asserted for Mr Hall; the one of release from the obligation to pay, in his answer; and the one that the obligation to pay became and was personal, by counsel in argument; and the correctness, or otherwise, of these claims, or either of them, was the problem the court below was called upon to solve, from a consideration of all the evidence before it.

On the question of the release of Hall from liability by Wisler, there was an absolute, total failure of proof; and there was a dearth of evidence as to the other proposition. The only particle of evidence that would seem, in any degree, to warrant a belief that the contract to pay for the wall when used was, or became personal, was the statement of Henry M. Wisler that Hall agreed to pay his father one-half the cost when he came to make use of the wall. We think that statement supplies a base, entirely too attenuated, upon which to rest the claim of personal contract or personal liability, and does not warrant it. It must be borne in mind the contract was oral, no part of it was in writing, and made more than twenty years before the witness stated his recollection of it, and the details of the talk must necessarily have faded from memory and become vague and indefinite, so that the witness could not only, in the very nature of things, recall the more prominent or salient propositions of the transaction. In this view the transaction and the testimony of the witness must be reasonably construed and interpreted, in the light of the attending and surrounding circumstance, and keeping in mind the attitude, object and conduct of the parties at the time of the contract, what was done, and their conduct subsequently. Interpreted in this way, beyond the fact that the persons making the agreement were Lewis, Wisler and John A. Hall, there is absolutely no fact, or circumstance, or suggestion even, that the obligation of Hall to pay, sometime in the future, was intended to be personal to Wisler, or tha the parties were intending to do other than make an entire contract concerning real estate by which one party was to construct a party wall and the other was to pay his just portion of its cost when he used it for his own benefit. We think the court below was justified in finding, as we think it must have found, that the decided weight of the evidence was to the effect that the contract to pay one-half the cost of the wall was not severed from the balance of the contract and so became a personal claim in favor of Wisler, but that it remained a part of the entire contract with respect to land, running with it, and becoming an appurtenance to the land and so passing to the assignee thereof.

We do not ground our approval of the finding of the lower court upon the rule, that there being a conflict of evidence as to the issues involved, which that court could the better weigh, and having done so, we can not find its findings manifestly wrong, and so approve it; but we distinctly want to place our approval of the lower court's action upon the ground that the finding is precisely right and in accord with the clear weight of the evidence.

We find no error and the judgment is affirmed with costs.

*Seney & Sayler*, Attorneys for Plaintiff in Error.

*McCautey & Miller*, Attorneys for Defendant in Error.